IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYREE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 14-cv-6526 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| FISERV INVESTMENT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to dismiss, or alternatively stay the litigation, and compel arbitration [6]. For the reasons stated below, the Court grants Defendant's motion in part, compelling arbitration and staying the litigation in the interim. The parties are instructed to file a joint status report within 7 days after the arbitrator issues a final decision, after which time the Court will set this case for a further status hearing.

**I.     Background**

Plaintiff alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, by his former employer. On September 23, 2013, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant, alleging disability discrimination. He received a right-to-sue letter from the EEOC on May 28, 2014 and filed this complaint on August 22, 2014.

Defendant moves to dismiss and compel arbitration, arguing that both claims are subject to an arbitration agreement that Plaintiff signed as a condition of commencing employment with

1

Defendant. The arbitration agreement, attached to Defendant's motion to dismiss, includes the following language:

> 1. **Scope of Arbitration**
>
> The parties agree to submit to arbitration any and all disputes arising from or related to certain compensation matters and claims of discrimination or sexual harassment during the employment relationship, or the termination of employment between the parties for which a court otherwise would be authorized by law to grant relief.
>
> Except as excluded in the following paragraph, the claims covered by the Agreement include, but are not limited to, claims for: * * * discrimination claims, including but not limited to race, sex, religion, national origin age, marital status, handicap, disability or medical condition; and claims for violation of any federal, state or other governmental constitution, statute, ordinance or regulation. * * *
>
> 2. **Governing Law**
>
> Notwithstanding any other choice of law provisions in the Agreement, the interpretation and enforcement of the arbitration provisions of this Agreement shall be governed exclusively by the Federal Arbitration Act, (FAA), 9 U.S.C. §§ et seq., and shall otherwise be governed by the law of the State of Illinois. * * *
>
> 3. **Time Limits for Submitting Disputes**
>
> A claim must be raised within the statute of limitations set forth in the applicable law, statute, regulation or ordinance for the type of claim being asserted.

MTD, Ex. A at 1-2. Defendant moves to compel arbitration and dismiss, or alternatively, stay the litigation.

## II. Legal Standard

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, was enacted against "centuries of judicial hostility to arbitration agreements * * * to place arbitration agreements upon the same footing as other contracts." *Volkswagen Of Am., Inc. v. Sud's Of Peoria, Inc.*, 474 F.3d 966, 970 (7th Cir. 2007) (citations and internal quotation marks omitted). To accomplish this goal, the FAA provides that binding arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.

§ 2. Accordingly, courts compel arbitration if the following three elements are shown: "a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005) (citing 9 U.S.C. § 4).

> A party also may move a court to stay litigation pending arbitration.
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

### III. Analysis

Defendant moves to compel arbitration and dismiss, or alternatively, to stay this action under the FAA. Plaintiff does not contest the validity or enforceability of the arbitration agreement, nor does he argue that either of his claims fall outside the scope of arbitrable issues, as defined by the agreement. Instead, he asks the Court not to enforce the agreement because arbitration of the ADA claim would be time-barred, potentially leaving Plaintiff with no avenue for relief.

A demand for arbitration brought under the ADA may indeed be time-barred at this point. Plaintiff's arbitration agreement incorporates the ADA's statute of limitation. See MTD, Ex. A at 1-2 ("A claim must be raised within the statute of limitations set forth in the applicable law, statute, regulation or ordinance for the type of claim being asserted."). Under the ADA, a plaintiff has 90 days to file a lawsuit after receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1), incorporated by 42 U.S.C. § 12117(a); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600

3

(7th Cir. 2009). Plaintiff received his right-to-sue letter on May 28, 2014, creating a filing deadline of August 26, 2014. Only four days before the deadline passed, he filed his complaint. Accordingly, the deadline for filing an arbitration demand may well have passed. Tolling mechanisms may be available in arbitration. However, whether a statute of limitations defense applies is for the arbitrator, not the Court, to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("[P]rocedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide * * * the arbitrator should decide allegation[s] of waiver, delay, or a like defense to arbitrability.") (citations and internal quotation marks omitted); *United SteelWorkers of Am., AFL-CIO-CLC v. Saint Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417, 422 (6th Cir. 2007) ("A time-limitation provision involves a matter of procedure; it is a condition precedent to arbitration; and it thus is presumptively a matter for an arbitrator to decide.") (citation and internal quotation marks omitted); *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir. 1991) ("it is up to the arbitrators, not the court, to decide the validity of time-bar defenses").

Assuming that an attempt to arbitrate would be time-barred, Plaintiff cites *Vega v. Contract Cleaning Maint.*, 2006 WL 1554383 (N.D. Ill. June 1, 2006), for the notion that "[p]rejudice to the party resisting arbitration 'should weigh heavily in the decision whether to send the case to arbitration.'" *Vega*, 2006 WL 1554383 at *4. *Vega* is inapposite. In *Vega*, the district court denied the defendants' motion to compel arbitration, finding that (i) the defendants waived their right to arbitrate by waiting approximately one year to file their motion (actively litigating their case in the meantime), and (ii) granting the motion would significantly prejudice plaintiffs, whose right to commence arbitration may have expired in the interim. *Id.* at *5. In other words, the court denied the defendants' motion because their own delay would likely

4

prejudice the plaintiffs. Here, Defendants have diligently sought arbitration. If Plaintiff's arbitration demand is time-barred, it will be because of Plaintiff's decision to file a complaint rather than a demand for arbitration, four days before the deadline—a decision that Plaintiff does not explain or defend. If courts declined to compel arbitration in circumstances like these, Plaintiffs could effectively circumvent their arbitration agreements by filing a last-minute complaint and then asking courts not to compel arbitration because it would be time-barred by that point. This outcome would be a far cry from "placi[ing] arbitration agreements upon the same footing as other contracts." *Volkswagen Of Am., Inc.*, 474 F.3d at 970. Accordingly, the Court grants Defendant's motion to compel arbitration.

The question remains whether to dismiss or stay the case. Conceivably, Defendant could have brought a motion to dismiss under Rule 12(b)(3). See *Johnson v. Orkin, LLC*, 556 F. App'x 543, 544 (7th Cir. 2014) ("An arbitration clause is simply a type of forum-selection clause, and a motion seeking dismissal based on an agreement to arbitrate therefore should be decided under Rule 12(b)(3).") (internal citation omitted); *Soucy v. Capital Mgmt. Servs., L.P.*, 2015 WL 404632, at *3 (N.D. Ill. Jan. 29, 2015). Instead, it brought a motion under the FAA, which authorizes a stay. Accordingly, the Court stays the litigation pending the outcome of the arbitration.[1]

---

[1] In any event, where all of the issues are subject to arbitartion, the difference between a stay and a dismissal without prejudice to filing a motion to confirm or vacate the arbitration award is administrative only.

**IV. Conclusion**

For the foregoing reasons, the Court grants Defendant's motion [6] in part, compelling arbitration and staying the litigation in the interim. The parties are instructed to file a joint status report within 7 days after the arbitrator issues a final decision, after which time the Court will set this case for a further status hearing.

Dated: March 18, 2015

_____
Robert M. Dow, Jr.
United States District Judge